## UNITED STATED DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

JEAN MONVIL,
        Plaintiff,

v.

TUFTS UNIVERSITY,
        Defendant,

## COMPLAINT WITH DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. The Plaintiff, Jean Monvil, ("Mr. Monvil") brings this complaint against the Defendant, Tufts University ("Employer"), his former employer for,: employment discrimination based upon race, color, national origin and age under the state and federal laws and unlawful retaliation under the state and federal laws

### II. JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 28 U.S.C. §1331, which grants the Court original jurisdiction over civil action arising under federal laws; Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e-5(f)(3) which grants the Court jurisdiction over claims brought under the subchapter; 29 U.S.C. §621 which grants the Court subject matter jurisdiction over violations of the ADEA; and 28 U.S.C. §1367, which grants the Court supplemental jurisdiction over the state claims that are so related

to the federal claims that are within the original jurisdiction that the state claims form part of the same case or controversy.

3. Personal jurisdiction and venue are appropriate pursuant to 28 U.S.C. §1391 since the Plaintiff resides in Suffolk County, Massachusetts; the Defendant, Tufts University, has it principal place of business in Middlesex County, Massachusetts; and the unlawful conduct complained of occurred in this District.

### III. PARTIES

4. The Plaintiff, Jean Monvil, is an adult resident of Suffolk County, Massachusetts.

5. The Defendant, Tufts University ("Employer") is a Massachusetts not-for-profit corporation operating as an independent university with administrative offices located at 89-91 Curtis Street, Medford, Middlesex County, Massachusetts.  At all times material, Tufts University employed over 500 employees and was and is an employer within the meaning of Title VII of the Civil Rights Act of 1964 as amended, in that Tufts University engages in an industry affecting commerce and has had fifteen (15) or more employees for each working day of each of twenty (20) or more calendar weeks in the current or pending calendar years.  As used herein, the term "Tufts University" shall include the University, its agents, servants and employees."

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. The Plaintiff timely filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC") and the EEOC timely dual filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD".) The Plaintiff timely exhausted the federal and state administrative requirements and received a final Notice of Right to Sue dated March 22, 2016 from the EEOC. A Dismissal and Notification of Rights, dated June 16, 2016, was received on June 20, 2016 from the MCAD.

7. All conditions precedent to the commencement of this action have been fulfilled.

### V. FACTS

8. The Plaintiff, Jean Monvil, is a male person of color of Haitian descent who at all times material was over forty years old.

9. The Plaintiff, Mr. Monvil, began working for Tufts University in 1988 and was terminated on December 19, 2014.

10. Mr. Monvil's most recent position with the Defendant, Tufts University, was as a receiver in the Dining and Business Services Department of Tufts University.

11. Over the twenty-six years that Mr. Monvil was employed by Tufts University, he received numerous positive evaluations.

12. Over the twenty-six years that Mr. Monvil was employed by Tufts University, he did not receive any verbal or written warnings.

13. Beginning in 2013, Mr. Monvil was continuously harassed by two Caucasian co-workers.

14. One co-worker named John Marks harassed Mr. Monvil repeatedly.

15. Mr. Marks would cover his nose when he saw Mr. Monvil. Also, Mr. Marks would make a noise indicating that Mr. Monvil smelled. Mr. Marks also admitted to Mr. Monvil that Mr. Marks put trash in Mr. Monvil's locker at work. Mr. Marks stated that he could smell Mr. Monvil from a distance, and Mr. Marks covered his nose even when he was in a meeting with Mr. Monvil and the supervisors.

16. Mr. Monvil was also harassed by co-worker Robert Doherty.

17. Mr. Robert Doherty ended up physically assaulting Mr. Monvil at work on December 11, 2014.

18. Mr. Monvil repeatedly complained to his supervisors and managers about this repeated harassment from his co-workers.

19. Mr. Monvil's complaints involved his co-workers' insults and acts that Mr. Monvil believed were based upon his race, color and national origin.

20. Mr. Monvil complained again to his supervisor about this harassment on or about October 2014.

21. Shortly after Mr. Monvil's complaint, he received a Performance Planning and Performance Review dated October 24, 2014 purportedly for the Performance Period "From July 1, 2014 To June 30, 2015."

22. Despite the complaints by Mr. Monvil, the Defendant Tufts University did not address and/or did not effectively or property address the behavior of Mr. Monvil's two Caucasian co-workers.

23. On December 11, 2014, Mr. Robert Doherty assaulted Mr. Monvil at Tufts University.

24. At approximately 8:50 A.M. Mr. Monvil walked down a hallway to return a dish to the dishroom. Mr. Doherty stopped about two to three feet in front of Mr. Monvil. Mr. Monvil became concerned and called out to another employee, Kevin Linehan, who was driving a pallet jack, to come help.

25. The other employee, Mr. Linehan told Mr. Monvil and Mr. Doherty to move so he could continue driving the pallet jack down the hallway.

26. Mr. Monvil attempted to walk by Mr. Doherty who swung his arm about and hit Mr. Monvil in the right side of the back.

27. Mr. Monvil did not assault, push or initiate physical contact with Mr. Doherty.

28. Mr. Monvil reported this incident to his supervisor and manager Mr. Gary Smyrlian.

29. The Defendant Tufts University spoke to Kevin Linehan after the incident, but Mr. Linehan had not been able to see the incident. The Defendant also spoke to Wilbert Vilchert who stated that he saw Mr. Doherty swing around and punch Mr. Monvil. Despite Mr. Vilchert's statement, the Defendant relied upon a statement of Mr. John Marks, Mr. Monvil's long-time harasser, who had nothing to do with the incident.

30. Despite the witness report confirming that Mr. Doherty had struck Mr. Monvil and that Mr. Monvil had not struck or made any contact with Mr. Doherty, the Defendant Tufts University discharged Mr. Monvil on December 19, 2014.

31. The Defendant Tufts University also discharged Mr. Doherty because he had struck Mr. Monvil.  Unfortunately, Tufts University had not taken action earlier with respect to Mr. Doherty despite the repeated complaints made by Mr. Monvil and despite the hostile work environment, based upon race, color, national origin and age that Tufts University allowed to grow and exist.

## VI. CLAIMS FOR RELIEF

**FIRST CLAIM: UNLAWFUL DISCRIMINATION AND DISCHARGE BASED UPON RACE AND COLOR IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C.  § 2000e** *et seq.*

32. Paragraphs 1 through 31 above are incorporated by reference in this claim as if   repeated herein.

33. Mr. Monvil is a member of a protected class based upon his race and color under Title VII of the Civil Rights Act of 1964, as amended, and was at all times material qualified to perform the functions of his position.

34. The Defendant Tufts University acted with discriminatory animus and/or unconscious discriminatory bias and/or discriminatory animus was a motivating factor when the

Defendant discharged the Plaintiff for his alleged contact with the Plaintiff's long time harasser Mr. Robert Doherty.

35. The Defendant Tufts University allowed a hostile work environment to continue to exist at the Plaintiff's workplace despite repeated complaints by the Plaintiff to correct the situation.

36. The above acts of the Defendant constitute violations of Title VII of the Civil Rights Act of 1964, as amended.

37. The above acts of the Defendant have caused and continue to cause the Plaintiff damages including, but not limited to: loss of back and front wages; loss of earning capacity; loss of fringe benefits; emotional distress; pain and suffering; loss of enjoyment of life; and mental anguish.

**SECOND CLAIM: UNLAWFUL DISCRIMINATION AND DISCHARGE BASED UPON RACE AND COLOR IN VIOLATION OF MASS. GEN. LAWS CH. 151B, § 4.**

38. Paragraphs 1 through 37 above are incorporated by reference in this claim as if repeated herein.

39. Mr. Monvil is a member of a protected class based upon his race and color under Mass. Gen. Laws ch. 151B, and was at all times material qualified to perform the functions of his position.

40. The above acts of the Defendant constitute violations of Mass. Gen. Laws ch. 151B.

41. The above acts of the Defendant have caused and continue to cause the Plaintiff damages including, but not limited to: loss of back and front wages; loss of earning capacity; loss of fringe benefits; emotional distress; pain and suffering; loss of enjoyment of life; and mental anguish.

**THIRD CLAIM: UNLAWFUL DISCRIMINATION AND DISCHARGE BASED UPON NATIONAL ORIGIN IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C.  § 2000e** *et seq***.**

42. Paragraphs 1 through 41 above are incorporated by reference in this claim as if repeated herein.

43. Mr. Monvil is a member of a protected class based upon his Haitian descent under Title VII of the Civil Rights Act of 1964, as amended, and was at all times material qualified to perform the functions of his position.

44. The above acts of the Defendant constitute violations of Title VII of the Civil Rights Act of 1964, as amended.

45. The above acts of the Defendant have caused and continue to cause the Plaintiff damages including but not limited to: loss of back and front wages; loss of earning capacity; loss of fringe benefits; emotional distress; pain and suffering; loss of enjoyment of life; and mental anguish.

**FOURTH CLAIM: UNLAWFUL DISCRIMINATION AND DISCHARGE BASED UPON NATIONAL ORIGIN IN VIOLATION OF MASS. GEN. LAWS CH. 151B, § 4.**

46. Paragraphs 1 through 45 above are incorporated by reference in this claim as if repeated herein.

47. Mr. Monvil is a member of a protected class based upon his Haitian Descent under Mass. Gen. Laws ch. 151B,  and was at all times material qualified to perform the functions of his position.

48. The above acts of the Defendant constitute violations of Mass. Gen. Laws ch. 151B.

49. The above acts of the Defendant have caused and continue to cause the Plaintiff damages including but not limited loss of back and front wages; loss of earning capacity; loss of fringe benefits; emotional distress; pain and suffering; loss of enjoyment of life; and mental anguish.

**FIFTH CLAIM: AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA") 29 U.S.C. §621** *et seq.*

50. Paragraphs 1 through 49 above are incorporated by reference in this claim as if repeated herein.

51. The Defendant Tufts University was at all relevant times and is an "employer" as defined by the ADEA 29 U.S.C. §621 *et seq.*

52. Mr. Monvil was at all relevant times over the age of forty (40) and entitled to protection under the ADEA.

53. The Defendant Tufts University's conduct, through its agents, servants, and employees violated the Plaintiff's rights under 29 U.S.C. §621 *et seq.*

54. As a direct and proximate result of the Defendant Tufts University's violations of the Age Discrimination in Employment Act 29 U.S.C. §621 *et seq.*, the Plaintiff, Mr. Monvil, has incurred and continues to incur damages including, but not limited to: loss of back and front wages; loss of earning capacity; loss of fringe benefits; emotional distress; pain and suffering; loss of enjoyment of life; and mental anguish.

**SIXTH CLAIM: AGE DISCRIMINATION IN VIOLATION OF THE MASSACHUSETTS FAIR EMPLOYMENT PRACTICES ACT ("MFEPA") MASS. GEN. LAWS. CH. 151B, §4**

55. Paragraphs 1 through 54 of this Complaint are repeated and incorporated as though fully set forth herein.

56. The Defendant Tufts University was at all relevant times and is an "employer" as defined by Mass. Gen. Laws. ch. 151B, §1 *et seq.*

57. Mr. Monvil was at all relevant times a person over the age of forty (40) years old.

58. The Defendant Tufts University through its agents, servants, and employees violated the Plaintiff's rights under Mass. Gen. Laws. ch. 151B, §1 *et seq.*

59. As a direct and proximate result of the Defendant Tufts University's violations of the Massachusetts Fair Employment Practices Act, Mass. Gen. Laws ch. 151B, §1 *et seq.*, the Plaintiff, Mr. Monvil, has incurred and continues to incur damages including, but not limited to: loss of back and front wages, loss of earning capacity; loss of fringe benefits; emotional distress; pain and suffering; loss of enjoyment of life; and mental anguish.

**SEVENTH CLAIM: UNLAWFUL DISCRIMINATION AND DISCHARGE BASED UPON RETALIATION IN VIOLATION OF FEDERAL AND STATE LAWS**

60. Paragraphs 1 through 59 of this Complaint are repeated and incorporated as though fully set forth herein.

61. The conduct of the Defendant Tufts University its agents, servants and employees constitutes retaliation against the Plaintiff because he engaged in activities protected by Title VII, ADEA and Mass. Gen. Laws ch. 151B. The stated reason[s] for the conduct of the Defendant, its agents, servants and employees,

was not the true reason, but instead was pretext to hide the Defendant's discriminatory animus.

**WHEREFORE**, the Plaintiff requests that this Court award the Plaintiff, Jean Monvil, damages for the violations of Tufts University as follows:

1. Order the Defendant Tufts University to reinstate Mr. Monvil to his prior position or to an equivalent position at a level of seniority that would have been achieved had he not been terminated and to restore all of his employment benefits that he would have received had he not been terminated;

2. Award Mr. Monvil front pay reduced to a present value in the event Mr. Monvil is not reinstated;

3. Award Mr. Monvil monetary damages equal to back wages, salary, raises, bonuses and the like with interest;

4. Award Mr. Monvil liquidated damages and punitive damages;

5. Award Mr. Monvil monetary damages for emotional distress, pain and suffering, mental anguish and loss of enjoyment of life;

6. Award Mr. Monvil liquidated damages pursuant to 29 U.S.C. § 29 U.S.C. §§ 216(b), 626 due to the willful violations of the Defendant acting through its agents, servants and employees;

7. Grant Mr. Monvil interest on the monetary damages along with the costs of maintaining this action, including costs and reasonable attorneys' fees; and/or

8. Grant such other and further relief as the Court deems just and proper.

PLAINTIFF REQUESTS A JURY ON ALL CLAIMS SO TRIABLE

Respectfully submitted,

JEAN MONVIL

By his attorney,

/s/ Constance A. Browne
Constance A. Browne
BB0 # 061330
Boston University
Civil Litigation Program
197 Friend St.
Boston, MA 02114
(617) 603 1522
cbrowne@bu.edu

Dated: June 20, 2016